JOHN E. ADAMS, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — injury from stumbling over the fender of a street car — when want of care on the company's part is not shown and the principle of* res ipsa loquitur *does not apply — negligence not implied from an unlighted car — nor from the car's being stationary a reasonable time.*

In an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, which operated a street railway in the city of New York, the plaintiff testified that he boarded one of the defendant's cars for the purpose of going to a ferry; that when it reached a point near the ferry he stepped off the rear platform of the car, walked around the rear end thereof and started for the ferry house; that he saw an unlighted car standing on the opposite track, and that as he walked in front of it he fell

over the fender thereof; that he did not see the fender and had not been look-
ing for it; that there was no motorman at the front end of the car; that he
knew that the defendant's cars were equipped with fenders, and that the fen-
der over which he fell was in the place in which fenders usually are when cars
are in motion; that immediately after his fall he went hurriedly to the ferry;
that the car did not move while he was there.

There was no evidence that there was no one in charge of the car except the fact
that there was no motorman on the front end, nor was there any evidence as to
the length of time the car was stationary before the accident, nor any evidence
as to why it was stationary.

*Held,* that the circumstances proven were as consistent with due care on the part
of the defendant as with the want of it and that consequently the plaintiff
was not entitled to recover;

That, since frequent stoppings of its cars were an incident of the defendant's
business, the doctrine of *res ipsa loquitur* did not make it incumbent upon the
defendant to explain the stopping of the car in question;

That it was error for the court to refuse to charge:

That negligence on the part of the defendant could not be implied from the fact
that the car was unlighted without evidence that it had stood there for an
unreasonable time;

That there was no evidence that the car had been stationary an unreasonable
length of time;

That the defendant had the right, without being charged with a breach of duty
or an unlawful obstruction of the highway, to allow its cars to stand upon the
tracks for a reasonable length of time, and that the error was not cured by the
following reply made to such request: "If lighted, yes; if unlighted, no,
* * * unless the place was light otherwise."

APPEAL by the defendant, the Metropolitan Street Railway Com-
pany, from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Orange on
the 10th day of June, 1902, upon the verdict of a jury for $1,000,
and also from an order entered in said clerk's office on the 8th day
of July, 1902, denying the defendant's motion for a new trial made
upon the minutes.

*Edward D. O'Brien,* for the appellant.

*Thomas Watts,* for the respondent.

GOODRICH, P. J.:

The plaintiff has recovered a verdict for injuries which he
received on the evening of December 7, 1899, by walking into and
stumbling over a fender attached to the front end of one of the

defendant's street surface cars, near the Erie Railroad Company ferry, at the foot of Twenty-third street, borough of Manhattan. His contention is that the car was stationary, unlighted and without any one in charge, and that the place was so dark that, although he saw the car, he could not see the fender. At the close of the plaintiff's evidence, and again at the close of the whole evidence, the defendant moved to dismiss the complaint on the ground that there was no evidence of the plaintiff's freedom from contributory negligence or of the defendant's negligence to submit to the jury. This motion was denied and the defendant excepted.

The court charged: "Unless you are satisfied from the weight of evidence that this car was dark, that the car was unlighted and that the place was unlighted from the surrounding lights, why that is the end of the case, because then no negligence is proved. * * * If you find this defendant negligent — neglectful of its duty it owed to this plaintiff at this time, so find by your verdict, but, unless you are so satisfied from all the proof in the case, from an intelligent consideration and weighing of all of it, then that is the end of this case and your verdict must be for the defendant. But, if you do find that the place was a dark place, that the lights were out in the car, that the motorman and conductor had left the car for some time, leaving it in a dark place in a public highway, and you find that to be negligence on the part of the defendant, then you pass to the equally important question in the case, and that is, has the plaintiff affirmatively satisfied you again by the weight of evidence, the most in worth and value, that he himself was free from all negligence that contributed to his hurt, because the claim of this defendant is that he was inattentive, careless, neglectful, that he didn't conduct himself as the ordinary careful, prudent man would have conducted himself under like circumstances, because that is the rule of law that governs and controls here.— the conduct of the ordinary careful, prudent man."

The defendant's counsel asked the court to charge that no negligence of the defendant could be implied from the fact that this car stood unlighted at this point, without evidence to show that it stood there for an unreasonable time, and that there was no evidence that the car was standing at this point for an unreasonable time. This was refused and the defendant excepted.

The plaintiff himself was the only witness as to the incidents of his fall, except that on rebuttal another person was examined as to the condition of the surrounding lights. Defendant produced its inspector, who was on duty at the time and place of the accident, who testified that there was no accident there to his knowledge, and for this reason, apparently, there was no witness to contradict or vary the plaintiff's testimony as to the condition of the car or his fall over the fender. We must, therefore, assume the plaintiff's account to be true, and the question is whether it can be said, as matter of law, either that he was free from contributory negligence or that the defendant was guilty of negligence.

Plaintiff's testimony is that at Sixth avenue he boarded a car of the defendant going through Twenty-third street toward the ferry, and when it reached Thirteenth avenue, near the ferry, he stepped off the rear platform, walked around the rear end of the car and started for the ferry house; that a car stood on the opposite track; that he saw it; that it was without any light and that in crossing the street in front of that car he ran against the fender, which he did not see, and fell over it; that he was not looking for a fender as the car was dark; that there was no motorman at the front end of that car; that he knew that these cars had fenders on their front ends; that this fender was in the place where they usually are when cars are in motion; that immediately after his fall he went hurriedly to the ferry; that the car did not move while he was there; he indicated the lapse of time between the accident and his reaching the ferry by snapping his fingers and saying it was quick as that.

It is difficult to say that this evidence was sufficient to predicate negligence of the defendant. There was no evidence that there was no one in charge of the car except the fact that there was no motorman on its front end, nor any allegation in the complaint nor any evidence as to the length of time the car was stationary before the accident. There was no evidence as to the cause of its stopping, whether it stopped to take on or let off passengers or on account of some accident or injury to the car, simply that it was stationary. This is not sufficient without proof that the car had been stationary for an unreasonable length of time. *Non constat* but that it had stopped for a lawful purpose.

Nor was it a case of *res ipsa loquitur*, which made it incumbent

on the defendant to explain the stopping, since frequent stoppings are incident to the business of the company. Indeed, from our common observation, we may also say the same thing as to the absence of light from a car for a momentary period, and the plaintiff proved nothing beyond an absence of light for the short period between his passing around the rear end of the car from which he alighted and his falling over the fender, which was altogether too short a time to justify an inference that the car had been stationary for an unreasonable length of time.

The circumstances proven are just as consistent with the defendant's due care as with a want of it, and it is a well-settled principle in the law of negligence that in such a case there can be no recovery, for the plaintiff has not discharged his burden of proof. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.)

It was error to refuse to charge each of these three requests of the defendant: *First*, that no negligence of the defendant could be implied from the fact that the car stood unlighted, without evidence to show that it stood there for an unreasonable length of time ; *second*, that there was no evidence that the car was standing at this point for an unreasonable length of time, and, *third*, that the defendant had the right, without being charged with any breach of duty or an unlawful obstruction of the highway, to have its cars stand on the tracks for a reasonable length of time. Nor was the error cured by the modification of the third request, "if lighted, yes ; if unlighted, no, * * * unless the place was light otherwise." Defendant's counsel asked the "explicit" charge of the third request and was entitled to have the request charged.

For these reasons the judgment and order should be reversed.

BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

Judgment and order reversed, and new trial granted, costs to abide the event.