(107 App. Div. 561.)

POLAND v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

1. CARRIERS—PASSENGERS—TERMINATION OF RELATION.
    A street railroad's duty to a passenger as such ceases, where the passenger has alighted from the car at the terminus of its route, and has proceeded along the car to its front, and has started to cross the track.
    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 992.]

2. STREET RAILROADS—OBSTRUCTION OF STREETS—STANDING CARS.
    A street railway has the right, without being charged with a breach of duty or an unlawful obstruction of the highway, to allow its cars to stand upon its tracks for a reasonable length of time.

3. SAME—PERSONS CROSSING TRACKS—PERSONAL INJURIES—NEGLIGENCE.
    A street car had reached the terminus of its route, and had stopped on a downgrade for the passengers to alight. A rule of the railroad required the motorman to stand at his post until the conductor had finished seeing to the alighting of the passengers and had come to the front of the car, after which it was the motorman's duty to alight, lift the fender, and strap it to the dashboard. Plaintiff was the last of a number of passengers to leave the car, and proceeded along the side of the car to its front, and started to cross the track, where she tumbled upon the

fender and was injured. But a very short time had elapsed between the accident and the stopping of the car, and there was no necessity for plaintiff's turning immediately in front of the car. The accident occurred in the nighttime, but it was not absolutely dark. *Held*, that defendant was not negligent in permitting the fender to remain down as long as it did, although the motorman might have immediately lifted it with a hook when the car came to a stop.

Smith, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Eliza Poland against the United Traction Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

See 85 N. Y. Supp. 7.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Patrick C. Dugan, for appellant.

Van Santvoord & Wellington (George B. Wellington, of counsel), for respondent.

HOUGHTON, J. The plaintiff was a passenger on defendant's car operated on a street crossing the Champlain Canal. By reason of repairs in progress by the state to the canal bridge, defendant for some time had been compelled to stop its cars without crossing, and thus make the street adjacent to the canal the terminus of its route. Passengers would alight and proceed across the canal by a footbridge connecting with the left sidewalk as the car approached the canal. The plaintiff was familiar with this condition of affairs, and on the night of the accident, upon the stopping of the car, she alighted from its right-hand side, other passengers preceding her, and passed along the car to its front, turned sharply to cross to the left sidewalk, caught her foot in the fender of the car, and was thrown and received the injuries for which she complains. The fender was of ordinary dimensions and projected about 4½ feet beyond the front of the car, and the defendant was compelled to run with it down. There was a clear roadway, between the front of the car and the débris incident to the bridge repairing, of 20 feet. Plaintiff testifies that she was the last of a number of passengers to leave the car, and she puts the length of time elapsing from the stopping of the car to the time she fell from one to two minutes. She testifies that she proceeded at once to alight when the car stopped, and without interruption passed along the side of the car to its front, and it is manifest that the time between the stopping of the car and the accident was very short. The street was on a downgrade as it approached the canal, and the motorman testified that it was his duty to stand by his brakes until the conductor came to the front end of the car, when it was his duty to alight, lift the fender, and strap it to the dashboard. There was proof in the case that motormen on defendant's road had been seen to lift the fender with a hook while standing on the platform. There was some conflict of testimony as to the light proceeding from the car; but the ordinary street lights were burning, and the locality was not absolutely dark.

The court charged the jury, correctly, as we think, that at the time of the accident the defendant's duty to the plaintiff as a passenger had ceased. The only ground of negligence, therefore, was whether or not the defendant permitted the fender of its car to remain in the roadway an unreasonable length of time. We think, as matter of law, that it did not, and that there were no facts proven upon which the jury could say that the defendant was guilty of negligence.

A street railway company has the right, without being charged with a breach of duty or an unlawful obstruction of the highway, to allow its cars to stand upon its tracks for a reasonable length of time. Adams v. Metropolitan Street Railway Co., 82 App. Div. 354, 81 N. Y. Supp. 553. In the case cited, the fender was down and the car was unlighted and unattended, which presented a stronger state of facts than those of the case at bar, and yet the defendant was held blameless because the car had not remained in such condition for an unreasonable length of time.

It does not help the situation by saying that the motorman could have immediately lifted the fender with a hook when the car came to a stop. The car was on a downgrade. Inattention to his brakes, necessary to the lifting and strapping of the fender, might have been much more dangerous to passengers and wayfarers. It was not an unreasonable rule which required the motorman to stand at his post until the conductor had finished his duties of seeing to the alighting of passengers and had come to the front of the car.

No situation of unusual danger to alighting passengers is presented which the defendant was called upon to guard against or to give warning concerning. There was a clear public street over which the plaintiff could cross to the sidewalk leading to the footbridge. She turned too closely in front of the car, and unfortunately stumbled upon the fender; but the accident was caused by no negligence of the defendant.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, J., who dissents.