[Civ. No. 6753. First Appellate District, Division One.—April 9, 1929.]

JEANE MICHAEL, Appellant, v. KEY SYSTEM TRANSIT COMPANY, a Corporation, Respondent.

Vincent W. Hallinan and Charles R. Boden for Appellant.

Brobeck, Phleger & Harrison, Frank S. Richards and Chapman, Trefethan & Chapman for Respondent.

CAMPBELL, J., *pro tem.*—Appellant sustained certain personal injuries while riding in an automobile driven by one Harold Wagner on July 31, 1926, when the automobile collided with a street-car owned and operated by respondent. The collision occurred about 1:30 o'clock in the morning on East Fourteenth Street near Ninety-sixth Avenue in the city of Oakland. The street-car involved in the collision was at the time of the accident standing on the south track of respondent's car line in the vicinity of one of its barns. It had been moved out of the car barn and on to the street approximately 45 minutes prior to the accident, but had been at the place where the accident occurred only about 15 minutes. The street-car had been moved out so that respondent could properly handle and repair cars at the barn. It was necessary to run cars back and forth between the track on East Fourteenth Street and the car barn. This was done late at night or early in the morning when the traffic on the street was light. At the time of the accident Harold Wagner was operating the automobile in question along East Fourteenth Street in the direction of San Leandro at about twenty-four or twenty-five miles an hour and for some distance had been straddling the south street-car track. The street on both sides of the car tracks was clear and unobstructed, and if the automobile had been driven on that part of the street customarily used for vehicular traffic, the collision would not have occurred. The street-car was standing parallel with the sidewalk and in the same position occupied by it when operating along East Fourteenth Street in the direction of San Leandro. Wagner testified that his headlights were adjusted so that he was unable to see clearly any object more than ten or twelve or ten or fifteen feet ahead of him; that when he first saw the

street-car it was ten or twelve feet away; that he attempted to turn out but collided with it. There is a conflict of testimony as to whether or not the street-car was lighted at the time of the accident, several witnesses testifying that it was. Appellant testified that she was dozing in the automobile and did not see the street-car until she was about four feet from it. The case was tried before the court and jury, and resulted in a verdict for the defendant, and from the judgment entered upon such verdict plaintiff has appealed.

The complaint sets out three separate causes of action charging negligence. The first cause of action alleges that the street-car at the time of the collision was unlighted and unguarded and by reason of the failure of defendant corporation to properly light or otherwise guard the street-car it was not discernible to persons driving vehicles, and that by reason of its indiscernibility the automobile was caused to collide with it. The second cause of action charges negligence, specifying that negligence to be that defendant had been accustomed to leave unused cars owned and operated by it standing on the tracks on East Fourteenth Street for several hours each night and particularly on the night that the accident took place, and that the street-car with which the automobile collided had been standing upon the street in accordance with such custom for a number of hours, and that it was thereby an obstruction and an impediment to traffic and constituted a menace to the safety of persons operating automobiles on East Fourteenth Street and was a nuisance. The third cause of action charges negligence in that the street-car was permitted to stand on the street for an unreasonable length of time and was not properly lighted or guarded and that this was a proximate cause of the collision. The jury was fully and correctly charged with respect to the first and third causes of action and no contention is made by appellant that the evidence is insufficient to support the verdict in favor of defendant. It is merely with respect to the second cause of action that complaint is made and with which we are concerned.

■ In support of her second cause of action appellant offered to prove certain facts to which objection was sustained and which ruling is assigned as error. The offer is as follows: ''We offer at this time, if the court please, to show by this witness (Futardo) that the defendant, Key

System Transit Company, for the last three or four years habitually stored their cars on the street for two or three hours by leaving two, three or four cars standing on the street approximately in that position and that this car was one of the cars left standing on the street as part of that procedure." An examination of the testimony of the witness Futardo—an employee of Key System Transit Company—which is uncontradicted, discloses that the witness described in detail the practice of the company in moving its cars back and forth between the car barn and East Fourteenth Street, and, therefore, the record contains practically all of the testimony appellant proposed to offer. In fact, appellant states in her brief that her second cause of action is entirely sustained by the evidence. This being true, appellant was not prejudiced by the court sustaining the objection to her proof of the facts stated in her offer, if such facts were material.

We think it immaterial under the facts disclosed whether respondent on previous occasions or habitually stored its cars on the street, for to entitle one to recover for the negligence of another that negligence must have been the proximate cause of or must have proximately contributed to the injury. This is so even though negligence arises because of the violation of a law or an ordinance (*Arrelano* v. *Jorgensen*, 52 Cal. App. 622 [199 Pac. 855]; *Berges* v. *Guthrie*, 51 Cal. App. 547 [197 Pac. 356]; *Williams* v. *Southern Pacific Co.*, 173 Cal. 525 [160 Pac. 660]). So, also, where the negligence results from maintaining a nuisance, the nuisance must contribute to the injury. It cannot be said that the mere fact—if it be a fact—that respondent permitted its cars to remain at approximately the same position of the car in question at the time of the accident on other occasions had any connection whatever with the injury suffered by appellant. Appellant sustained her injuries by being driven into a particular standing car on the morning of July 31, 1926. There could be no causal connection between that injury by striking that car at that particular time and the maintenance of other cars at approximately the same place on other nights prior to the accident. While it is well settled that the violation of an ordinance is conclusive evidence of negligence in this state (*Scragg* v. *Sallee*, 24 Cal. App. 144 [140 Pac. 706]),

and that a person who wrongfully places an obstruction in the public highway must be held responsible for such accidents as occur by reason of its presence (*Cohen* v. *Mayor etc. of New York,* 113 N. Y. 532 [10 Am. St. Rep. 506, 4 L. R. A. 406, 21 N. E. 700]), the violation of an ordinance or maintenance of an obstruction must have contributed directly to the injury, for however improper or illegal such violation or maintenance may be in the abstract, unless such contribute directly to the injury no action for damages can be founded upon them (*Berges* v. *Guthrie, supra*). Although the violation of a penal statute constitutes negligence ·*per se,* to make such negligence actionable it must be a proximate cause of the injury for which the action is brought (*Williams* v. *Southern Pacific Co., supra*.)

Appellant urges that the court erred in refusing certain instructions to the jury proposed by her on the theory embraced in her second cause of action, which is stated in her brief to be in short this: ''That by keeping the street car in the position which it occupied, the defendants were maintaining a public nuisance; that such maintenance of a public nuisance constituted negligence *per se* and that if this maintenance of a nuisance were established and the plaintiff was free from contributory negligence, she was entitled to a verdict as a matter of law.'' Appellant contends that instructions proposed covering this theory were refused, and that no instructions were given involving the element of nuisance. It is true the court did refuse several instructions requested by appellant on this question, appellant's particular objection being that the court refused to instruct that permitting cars to stand or be stored on the street constituted a nuisance and was negligence as a matter of law and no further proof on plaintiff's part was required. The court, however, gave the following instructions, which correctly state the law applicable to the facts and which sufficiently enlightened the jury on the question of nuisance as here involved: ''I further instruct you that anything which unlawfully obstructs the free passage or use in the customary manner of any street or highway, is a public nuisance. If you believe from the evidence that the defendant Key System Transit Company, unlawfully obstructed the public highway by permitting its street-cars to remain upon the same for an unrea-

sonable length of time, then I instruct you that it is no excuse or defense to them that they were permitted to do so by the municipal authorities or that no objection was made to such practice by the police or other municipal authorities as such authorities have no right to license or permit the maintenance of a nuisance. If you believe from the evidence, that the defendant, Key System Transit Company, permitted the street-car involved in this action to stand upon the street and that the said street-car was insufficiently or improperly guarded or lighted or that it was not sufficiently lighted so as to render the same clearly discernible to persons operating automobiles along that street and if you believe from the evidence that it was negligence for them to permit or cause the said street-car to so remain on the street or that it was negligent for them to fail to properly or sufficiently light or guard the said street-car and that by reason of such negligence, plaintiff sustained injury and was herself free from contributory negligence, then your verdict should be in favor of the plaintiff and against the defendant, Key System Transit Company.''

We are not in accord with appellant's contention that a street-car standing on its tracks, if so left for not an unreasonable time and being properly lighted or guarded, constitutes negligence *per se;* nor that the street-car in question, which was left standing on the tracks where the accident occurred for but a few minutes and the street on both sides of the car tracks used for vehicular traffic being clear, constitutes an obstruction or renders the street dangerous and unfit for use by the traveling public.

At the time of the accident and for a long time prior thereto the respondent company maintained its tracks and equipment and operated its cars on East Fourteenth Street by authority of franchises from the county of Alameda and the city of Oakland. It was not only expressly authorized to use the streets, but was required to do so under its franchises. These facts place respondent in a different position from a private individual using the streets. Whether respondent should have been permitted to leave its cars standing on its tracks in the street when not in use was a matter for determination by the authorities. As was said in *George* v. *Los Angeles R. Co.,* 126 Cal. 362 [77 Am. St. Rep. 184, 46 L. R. A. 829, 58 Pac. 821]: ''Instruction 10 was as fol-

lows: 'Whether the defendant's trailer-cars should have been permitted to stand on the track in the street during the hours of the day when they were not needed for carrying passengers was a question to be determined by the city authorities, and is a wholly irrelevant and immaterial question in this case.' It is objected that this instruction was confusing and misleading to the jury, because they had been previously told that the question of the manner of leaving the cars, the place where they were left, *et cetera*, were to be considered by them in determining whether defendant was negligent or not. It seems to us that this particular instruction was intended to show simply that the city authorities alone could determine whether the cars should be permitted to be left on the street for the convenience of defendant. It is true that the right to so use the street must come from the city, and in so saying to the jury the court did not weaken the force of the other instructions as to the care defendant should exercise in so occupying the street." In *Poland* v. *United Traction Co.*, 107 App. Div. 561 [95 N. Y. Supp. 498], the court says: "A street railway company has the right, without being charged with a breach of duty or an unlawful obstruction of the highway, to allow its cars to stand upon its tracks for a reasonable length of time—*Adams* v. *Metropolitan Street Ry. Co.*, 82 App. Div. 354 [81 N. Y. Supp. 553]. In the case cited the fender was down and the car was unlighted and unattended, which presented a stronger state of facts than those of the case at bar and yet the defendant was held blameless because the car had not remained in such condition for an unreasonable length of time." Section 3479 of the Civil Code provides: "Anything which is injurious to health or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or *unlawfully* obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal or basin, or any public park, square, street or highway, is a nuisance." It follows, therefore, that leaving the car in question on the company's tracks on East Fourteenth Street for the few minutes it was left on the morning of the accident did not constitute it an *unlawful* obstruction, or a nuisance as a matter of law. On the contrary, the street-car not having been left standing on

the street, as found by the jury, for an unreasonable time, respondent was *lawfully* using the car tracks at the time of the accident as authorized by its franchise from the city of Oakland, and the street on both sides of the tracks used for vehicular traffic being clear, no obstruction in fact existed.

Appellant has cited a number of cases where the acts of individuals have been held to constitute nuisances *per se,* but in these cases the obstructions were unlawful, the California cases cited being *Colgrove* v. *Smith,* 102 Cal. 220 [27 L. R. A. 590, 36 Pac. 411], where a contractor unlawfully dug trenches without authority from the city; *McKune* v. *Santa Clara V. M. & L. Co.,* 110 Cal. 480 [42 Pac. 980], where a mill operator maintained an unauthorized obstruction on the highway; *Stockton Automobile Co.* v. *Confer,* 154 Cal. 402 [97 Pac. 881], where an unlawful obstruction to the free use of the highway was erected, and *Monsch* v. *Pellissier,* 187 Cal. 790 [204 Pac. 224], wherein it is said that gratings which were apparently in a condition which might render them in their character "of the nature of a nuisance," the defendant who had or was charged with knowledge of their condition cannot escape liability upon the ground that she had not received statutory notice of such nuisance. We fail to see the applicability of these authorities, as the facts are not analogous to those in the present case. In *Chicago Northwestern R. R. Co.* v. *Prescott,* 59 Fed. 237 [23 L. R. A. 654], cited by appellant, in which case a railroad train obstructed a cross street and injury resulted to a person endeavoring to pass, the court uses this language: "And, according to well-established rules, the issue as to whether a street was rightfully obstructed should be submitted to the jury, if the circumstances attending the blockade were such that reasonable persons might entertain different views as to whether the action of the company was justifiable." So in the present case the court properly submitted this question to the jury, and as the evidence is sufficient to support the verdict in favor of defendant, the judgment should be and it is affirmed.

Tyler, P. J., and Cashin, J., concurred.