[Civ. No. 11948.   Second Appellate District, Division Two.—November 16, 1938.]

MAUDE E. BREWER et al., Minors, etc., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

[Civ. No. 11949.   Second Appellate District, Division Two.—November 16, 1938.]

J. E. BURR, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

F. Britton McConnell for Appellants.

W. I. Gilbert for Respondents.

CRAIL, P. J.—These two cases come before us on appeals from judgments of nonsuit entered at the close of the plaintiffs' testimony in actions for damages resulting from the collision of decedent's automobile with the gondola car of the defendant.

The contention of the plaintiffs is that the questions at issue should have been submitted to the jury. The defendant contends that under the facts and circumstances in evidence as a matter of law the defendant was not guilty of negligence and that as a matter of law the plaintiff was guilty of contributory negligence.

"The rules governing us in reviewing a judgment entered after granting a motion for nonsuit are clearly stated in *Berger* v. *Lane,* 190 Cal. 443, at page 452 [213 Pac. 45, 49], as follows: 'Every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence adduced must be considered as facts proved in favor of the plaintiffs. Where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to plaintiffs. If contrary evidence has been given it must be disregarded. (*Estate of Arnold,* 147 Cal. 583 [82 Pac. 252].) The plaintiff must also be given the benefit of every piece of evidence which tends to sustain his averments, and such evidence must be weighed in the light most favorable to plaintiff's claim. (*Anderson* v. *Wickliffe,* 178 Cal. 120 [172 Pac. 381].) Evidence, whether erroneously admitted or not, if relevant to the issues joined, must be given the credit and benefit of its full probative strength, and any question arising from the fact of variation between the evidence of the witnesses cannot be raised or considered. The evidence must be taken most strongly against the defendant, and if the plaintiff has introduced proof sufficient to make out a *prima facie* case under the allegations of his complaint the motion, if made upon the close of the case, should be denied.'" (*Bosqui* v. *City of San Bernardino,* 2 Cal. (2d) 747, 760 [43 Pac. (2d) 547].)

The defendants maintain a double track railway down the middle of Alameda Street. The street runs in a general north and south direction and at the point where the accident occurred was paved for a width of fifty feet. At about

4:30 A. M. on August 13th the decedent was driving a truck and trailer in a northerly direction on this street when he ran into two gondola freight cars which the defendant had left standing on the east track. The truck was a gasoline tank truck and a fire immediately followed the collision, which caused his death.

The witness Wilson testified that at the time and place in question he was driving a truck going north on Alameda Street; that at this early hour, between 4:30 and 5:00 A. M., it was "between daylight and dark", "rather hazy"; that he turned into Alameda Street at Twentieth Street, coming from the west. "At the time I pulled onto Alameda I noticed this gasoline truck down the street, and they had good lights." That this was the truck that was involved in the accident and it was following him. That when he turned into Alameda Street it was about two blocks south of him. From this stop he proceeded north on Alameda Street and by the time he reached Eighteenth he was traveling at twenty or twenty-five miles an hour. As he was thus traveling north on Alameda Street "a little ways past Washington", something loomed up in front of him. He later saw that it was two gondola cars. "Q. How far were you away from that southerly end of the gondola car when you first saw it? A. Well, I would say 15 or 20 feet. Q. As you proceeded up from 20th street, up to this point on Washington, did you see this truck coming along behind you? A. I did. . . . Q. Were you paying attention to your driving or to something else? A. To the driving." The first thing that attracted his attention to this situation was two red lights, two red lanterns. "I was a short ways from these box cars before I could see the lights, and I had to whirl my wheel pretty hard to keep from running into them myself. Q. How many cars? A. Two open cars; if they had been big box cars, you could have seen them much easier, but at that time in the morning driving was awful hard, and no street lights, and kind of hazy. Q. Did you see the gondolas any distance away? A. Not very far away, no, because as I say, I pretty nearly ran into the cars myself; so I rolled to the left, and this man evidently didn't see them in time to keep from hitting them. Q. The front of his truck hit the gondola? A. Yes, the south end. . . . Q. Any lights on the rear of the gondolas? A. Yes, there were lights there, but they were awful dim. Q. What

kind, red lights? A. Yes. Q. Did you notice where they were? A. One on each side of the gondola. Q. The south end? A. Yes." The lanterns referred to were coal oil switchmen's lanterns.

In the case of *Stockton Automobile Co. v. Confer*, 154 Cal. 402 [97 Pac. 881], the court said: "The finding is that suitable lights and warnings were not placed, and to hold that this finding is unsupported would necessitate a declaration, as matter of law, that the single light burning upon an obstruction sixteen feet square upon a street sixty feet in width, was sufficient as a warning light. Generally, as has been said, the question of sufficiency is one of fact to be left to the jury or judge as the trier of fact, and it would require a clear case to justify a court in holding that a finding as to the insufficiency of a barricade, light or warning was not supported by the evidence." For the same rule see *Michael v. Key System Transit Co.*, 98 Cal. App. 189 [276 Pac. 591].

In our view there was substantial evidence to go to the jury on the question whether or not the defendant had placed suitable lights and warnings to protect the public from running into the gondola cars.

■■ With regard to the question of contributory negligence, there was a presumption that the decedent was in the exercise of ordinary care, which would ordinarily have been sufficient to take that question to the jury. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540, at 550 [299 Pac. 529]; *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393].) The defendant admits that this is the rule, but contends that it is, of course, equally well settled that as soon as a fact wholly irreconcilable with a presumption is proved, the presumption disappears, and cites us to the recent case of *Engstrom* v. *Auburn Automobile Sales Corp.*, 11 Cal. (2d) 64 [77 Pac. (2d) 1059], where it is said: "Generally speaking, however, it may be said that a *presumption* is dispelled when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the party relying on it or of such party's own witness, when such testimony was not the product of mistake or inadvertence."

And the defendant contends further, "In other words, even though there is no testimony revealing the actual conduct of a decedent, nevertheless, if the surrounding physical facts and circumstances point irresistibly to his contributory

negligence, the presumption in his favor is effectively dispelled," citing *Martz* v. *Pacific Elec. Ry. Co.*, 31 Cal. App. 592 [161 Pac. 16] ; *Koster* v. *Southern Pac. Co.*, 207 Cal. 753 [279 Pac. 788] ; *Friddle* v. *Southern Pac. Co.*, 126 Cal. App. 388 [14 Pac. (2d) 568]. These are all railroad crossing cases—where it was the duty of the plaintiff when approaching the crossing to stop, look and listen. The physical facts confronting us in the instant case are different. We are not prepared to say that the physical facts and circumstances surrounding the accident are wholly irreconcilable with the presumption of due care on the part of decedent.

Judgments reversed.

Wood, J., concurred.

McComb, J., dissented.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939.