Frank Del Vecchio, J.
This is a motion by the defendant Godfrey to dismiss the complaints against him upon the ground that they do not state facts sufficient to constitute a cause of action.
The plaintiffs are husband and wife; the wife brought her action to recover damages for personal injuries allegedly caused by the concurrent negligence of the defendants, and the husband seeks to recover for medical expenses and loss of services,
For the purposes of these motions, every material allegation of fact contained in the complaints and any inferences which may legitimately be drawn therefrom must be assumed to be true, (Nevins, Inc., v. Kasmach, 279 N. Y. 323, 325.) For simplification, the opinion will refer only to the complaint of the wife.
*343 The complaint alleges that while plaintiff was a passenger in Godfrey’s automobile he caused her to become emotionally disturbed; that she demanded to be taken home; that Godfrey stopped his automobile on West Genesee Street (New York State Route No. 5) across from her home; that after she had alighted and while lawfully crossing the street to get to her home and after reaching a point more than halfway across the street she was struck by an automobile owned by the defendant Marinda White and operated by the defendant Paul White.
The alleged acts of negligence on the part of the defendant Godfrey are stated in paragraph 14 of the complaint:1 ‘ 14. That the negligence of the said defendant Godfrey consisted in failing and neglecting to deliver plaintiff safely to her home as he undertook and agreed to do; in failing and neglecting to see that plaintiff was deposited at a point where she could safely reach her home; in starting Ms said vehicle and leaving plaintiff without regard to plaintiff’s safety; in depositing the plaintiff in a highly emotional state on the southerly side of said West Genesee Street, thereby requiring her to cross said highway to reach her home, and so doing knowing that plaintiff was emotionally upset; in starting Ms said vehicle and leaving plaintiff without providing her with a safe means of reaching her home, and in failing and neglecting to exercise such care as the particular circumstances under which Ms said automobile was being operated demanded.”
The elements required to be alleged in an action for negligence are that the defendant owed a duty to the plaintiff, that the defendant was guilty of some act or omission in violation of that duty and that damage to plaintiff was proximately caused by such violation. (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339; Levine v. City of New York, 309 N. Y. 88; Kimbar v. Estis, 1 N Y 2d 399, 403.)
This court is of the opinion that plaintiff has failed to allege the breach of any duty owed to plaintiff by defendant Godfrey, which was the proximate cause of the injuries sustained by her.
At the time when the accident occurred defendant’s duty to plaintiff as a passenger had ceased (Poland v. United Traction Co., 107 App. Div. 561; Misak v. Thibaudeau, 243 App. Div. 672); and indeed plaintiff’s action is not predicated upon any alleged separate act of negligence by defendant after plaintiff had alighted from his vehicle and he had left her alongside the roadway. There was no duty owed to plaintiff after she ceased to be a passenger- other than that which applied to all persons lawfully using the highway. (Platt v. Forty-Second St. & Grand St. Ferry R. R. Co., 2 Hun 124.) 11 Without duty, there can be *344 no breach of duty, and without breach of duty there can be no liability.” (Williams v. State of New York, 308 N. Y. 548, 557.)
Plaintiffs’ action is predicated on the theory that defendant Godfrey, as operator of the car, violated his duty to her as a passenger when he discharged her, in-a highly emotional state, on the side of West Genesee Street opposite her residence. Before defendant may be held liable for plaintiffs’ injuries as a result of this conduct however it must be found that he might reasonably have anticipated a risk to plaintiff of the accident which occurred. “The risk reasonably to be perceived defines the duty to be obeyed * * *; it is risk to another or to others within the range of apprehension ”. (Palsgraf v. Long Is. R. R. Co., supra, p. 344.) It is not claimed that the site at which plaintiff alighted was in and of itself a hazardous place. The danger, if any, arose from the necessity for crossing the public highway to reach plaintiff’s home. Assuming defendant knew plaintiff was in an emotionally disturbed state and that he anticipated she would attempt to negotiate the travelled highway in that condition, this alone is not sufficient to impose liability, for an additional factor — viz., the negligent operation of a motor vehicle by the defendant White — was an indispensable element, without which plaintiff would not have been injured. This factor Gofrey was not, and cannot be, bound to have anticipated. “ ‘ One has a right to assume that all drivers of automobiles will obey the law of the road, and he is not bound to anticipate that anyone is going to disobey it (Walter v. State of New York, 187 Misc. 1034, 1039.) Both Godfrey and plaintiff were entitled to assume that White would keep his automobile under proper control, maintain a proper lookout and give plaintiff adequate warning of his approach so that the accident would be avoided, all of which, among other things, the complaint alleges White failed to do. (Lee v. City Brewing Corp., 279 N. Y. 380, 387-388.)
The complaint does not allege any knowledge by defendant Godfrey that the defendant White was operating his vehicle in a negligent manner on the highway prior to the accident; nor does it set forth any circumstances by which Godfrey might be charged with notice that White would fail to exercise due care for plaintiff’s safety at the time of the accident. It is inconceivable that such foresight could be attributed to this defendant. On the other hand, this defendant surely knew that pedestrians cross travelled highways in safety day after day and that a multitude of vehicles are operated on the highways in a manner which does not result in accident or injury. In these circumstances, and absent any allegation of actual knowledge *345 of the impending negligence by White, Godfrey was not bound to anticipate that plaintiff would be injured in the middle of the public way. If the converse were true, it would follow that a driver could never, in the exercise of due care, deposit a passenger at any location where it was necessary for the latter to cross a travelled highway since, being bound to anticipate that some negligent driver might be approaching on the road, he would be liable for any accident which might befall Ms passenger in the crossing. This of course is not the law in this, or any, jurisdiction, to the knowledge of the court.
At best, it may be said that defendant was chargeable with knowledge that plaintiff, in her highly emotional state, might exercise something less than reasonable care for her own protection and might, by lack of such due care, endanger her safety in attempting to negotiate traffic. The complaint itself, however, negates any liability on this basis since it is alleged, and the court must accept as true, that the accident was caused without any negligence on the part of plaintiff contributing thereto.
Furthermore, the court is of the opinion that no alleged act of the defendant Godfrey was a responsible cause of the injuries sustained by plaintiff; she was injured by an independent, intervening cause — being run down by the negligent operation of the White car after she had left the Godfrey car and had walked more than halfway across the highway. In Laidlaw v. Sage (158 N. Y. 73) the Court of Appeals long ago laid down the definition of that which is the proximate cause of an event as “ that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which the event would not have occurred” (p. 99) and “ the act of one person cannot be said to be the proximate cause of an injury when the act of another person has intervened and directly inflicted it ” (pp. 100-101). A recent, comprehensive discussion of the subject of proximate cause is contained in Gralton v. Oliver (277 App. Div. 449, affd. 302 N. Y. 864). As was there pointed out, when a remote cause does nothing more than to furnish the condition or give rise to the occasion by which an injury is possible and the injury is brought about by the intervention of a new, independent and sufficient cause, the author of the original cause is not responsible. In this circumstance the first accident or event is a causa sine qua non but not a causa causans of the ultimate injury. When injury is precipitated by the intervention of an independent cause, which defendant was not bound to anticipate and without which the injury would not have happened, no liability rests upon a defendant, even though *346 his conduct may in the first instance have been negligent. (Leeds v. New York Tel. Co., 178 N. Y. 118,121-122.) It appears then that, as in many cases, the question of duty owed by defendant Godfrey, created by the “ range of [reasonable] apprehension ” {Palsgraf v. Long Is. R. R. Co., supra, p. 344), and the question of proximate cause, turn upon a single issue — viz., the foreseeability of White’s negligence. Inasmuch as Godfrey is not chargeable, under the facts pleaded in the complaint or under any conceivable pleading, with notice of the driver White’s subsequent negligent conduct, plaintiff has failed to state a cause of action against the defendant by reason of his acts in discharging plaintiff from his vehicle on the night of the accident. Accordingly, the motions to dismiss the complaints as to the defendant Godfrey must be granted.
The case of McDonald v. Central School Dist. No. 8 (179 Misc. 333, affd. 264 App. Div. 943, affd. 289 N. Y. 800), principally relied on by plaintiff, is clearly distinguishable. In that case it appeared both that the defendant had itself created a dangerous condition by requiring the infant plaintiff to pass in front of its bus where her vision of oncoming traffic was obstructed, and that it had “ assumed a duty to protect * * * [plaintiff] against the special danger which it had created by its own rule” (p. 336). No such elements are presented by the complaints now before the court. The motions to dismiss the complaints against the defendant Godfrey are granted.