DOROTHY ROSS et al., as Administrators of the Estate of MICKEY ROSS, Appellants, v ROBERT CHING, Respondent.

Fourth Department, March 10, 1989

### APPEARANCES OF COUNSEL

*Rossi, Kehoe, Murnane & Hughes (Vincent Rossi* of counsel), for appellants.

*Petrone & Petrone, P. C. (Cirando & Cirando [John Cirando]* of counsel), for respondent.

## OPINION OF THE COURT

LAWTON, J.

On the rainy morning of June 13, 1985 defendant, age 41, offered 16-year-old Mickey Ross a ride to a job interview at McDonalds restaurant on Oriskany Boulevard in the Village of Yorkville. Defendant was a friend of the Ross family and was living with them. Defendant asked Mickey if he could drop him off across the highway from McDonalds and Mickey agreed. This location was not governed by any traffic control device. While Mickey was crossing this busy four-lane highway, he was struck by a vehicle and sustained personal injuries that resulted in his death.

Plaintiffs, as administrators of the estate of Mickey Ross, commenced the present action against defendant. The trial court, at the conclusion of plaintiffs' case, directed a verdict for defendant, holding as a matter of law that defendant breached no legal duty owed to the plaintiff, and that, even if a duty were breached, it was not a proximate cause of the accident that caused decedent's death. In so holding, the trial court relied upon *Jezerski v White* (29 Misc 2d 342). In *Jezerski,* the court held that defendant driver was not liable for injuries sustained by an adult plaintiff when she crossed the street after alighting from defendant's vehicle, stating: "The complaint does not allege any knowledge by defendant Godfrey that the defendant White was operating his vehicle in a negligent manner on the highway prior to the accident; nor does it set forth any circumstances by which Godfrey might be charged with notice that White would fail to exercise due care for plaintiff's safety at the time of the accident. It is inconceivable that such foresight could be attributed to this defendant. On the other hand, this defendant surely knew that pedestrians cross travelled highways in safety day after day and that a multitude of vehicles are operated on the highways in a manner which does not result in accident or injury. In these circumstances, and absent any allegation of actual knowledge of the impending negligence by White, Godfrey was not bound to anticipate that plaintiff would be injured in the middle of the public way. If the converse were true, it would follow that a driver could never, in the exercise of due care, deposit a passenger at any location where it was necessary for the latter to cross a travelled highway since, being bound to anticipate that some negligent driver might be approaching on the road, he would be liable for any accident which might

befall his passenger in the crossing. This of course is not the law in this, or any, jurisdiction, to the knowledge of the court." *(Jezerski v White, supra,* at 344-345.)

Whatever validity the court's holding in *Jezerski (supra)* had at that time, it is no longer valid where infants are involved *(see,* Annotation, *Liability of driver of private automobile for injury to occupant struck by another vehicle after alighting,* 20 ALR2d 789). This annotation recognizes the general rule that a driver has a duty upon discharging an occupant to warn the occupant of apparent dangers and also that "the driver * * * seems to have the duty to stop at a safe place before permitting the occupant to alight" *(id.,* at 790). The annotation cited *Harrison v Gamatero* (52 Cal App 2d 178, 125 P2d 904), wherein the court held that a cause of action was stated on behalf of a seven-year-old child who was struck by a vehicle when crossing the street after being dropped off to mail a letter at a point across the street from the mailbox.

Also directly on point is *Colson v Shaw* (301 NC 677, 273 SE2d 243). In *Colson,* defendant discharged the infant plaintiff across the street from his destination and, in the process of crossing the street, the child was struck by another vehicle. At the close of plaintiff's case, defendant's motion to dismiss as a matter of law was granted by the trial court and the intermediate appellate court affirmed. The Supreme Court of North Carolina reversed and remanded the matter to trial, holding that:

"the operator of an automobile has a duty to exercise that degree of care which a person of ordinary prudence would exercise under similar circumstances to prevent injury to the invited occupants of his vehicle. * * * It is generally established that the operator must at least allow his passengers to unload in a safe place and may not stop his car in a manner likely to create a hazard to those alighting. * * *

"Our determination in the case is also influenced by the rule that where the actions of children are at issue, the duty to exercise due care should be proportioned to the child's incapacity to adequately protect himself." *(Colson v Shaw, supra,* 301 NC, at 680-681, 273 SE2d, at 246.)

The court went on to note that it was influenced by the decision of the Minnesota Supreme Court in *Nelson v Williams* (300 Minn 143, 218 NW2d 471), where the defendant motorist: "was towing a boat on a four-lane highway when an object flew out of the boat and landed in the median separat-

ing the north and south bound lanes. He pulled his vehicle onto the right-hand shoulder of the road and allowed his eight-year-old son to cross two lanes of traffic to retrieve the object. The child was struck by a passing vehicle as he attempted to recross the highway. The Court held that the jury could reasonably find that the father failed to exercise the degree of care expected of a reasonably prudent person in operation of his automobile * * *. [s]ince defendant could have easily driven a short distance farther and stopped his vehicle in a place from which plaintiff could have reached the median without crossing the highway, the court held that the issue of defendant's negligence was properly submitted to the jury." (*Colson v Shaw, supra* 301 NC, at 682, 273 SE2d, at 247.)

No New York case directly on point has been submitted by the parties or has been found by this court. One cannot seriously dispute, however, that an operator of a vehicle owes to all his passengers, adults and infants alike, the duty to exercise reasonable care at all times, including the obligation to provide a safe place to alight (*see, Miller v Fernan,* 73 NY2d 844; *Mignery v Gabriel,* 2 AD2d 218, 222, *affd* 3 NY2d 1001). What constitutes reasonable care depends upon the facts and circumstances of the case and generally presents questions of fact. Included in such considerations is the operator's knowledge with respect to the occupant's immediate intentions upon alighting.

Trial Term did not address the issue of decedent's infancy and therein lies the principal difference between this case and *Jezerski (supra).* In determining what is reasonable care, the age of the one injured plays an important role (3 Warren, New York Negligence, Children, § 2.02, at 35). In determining defendant's liability, the jury should have been permitted to consider whether he acted reasonably in leaving a minor off in a rain storm on a four-lane high-speed highway, at a point which was not governed by a traffic control device, during heavy rush hour traffic, knowing that the infant was going to cross the highway. Defendant chose the place to stop and could easily have chosen to stop at an intersection that would have afforded his passenger greater safety (*see, Nelson v Williams, supra,* 300 Minn, at 148, 218 NW2d, at 474). While the court found decedent not to be mentally or physically impaired, he, nevertheless, was an infant and it was for the jury to assess what effect, if any, said infancy had in determining the issue of defendant's liability and the contributory

negligence of the decedent *(Camardo v New York State Rys.,* 247 NY 111).

The Legislature has recognized the vulnerability of children alighting from school buses and crossing highways. Special precautions are required of a school bus operator to assist students from alighting from the bus and reaching a safe destination (Vehicle and Traffic Law § 1174 [a], [b]). A violation of such law creates absolute liability upon the operator *(see, Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 286, *affd* 51 NY2d 752). No distinction is made with regard to the age of the student.

It is not improper therefore to permit a jury in this case to determine whether the operator, an adult resident in the home of the infant, who assumed control over him, acted negligently. Nor does such a holding open new doors to liability that would be best left closed. It has long been held that an adult may be held liable for imposing a dangerous activity on a minor *(see, e.g., Mandel v Brith Trumpeldor,* 41 AD2d 819). Were the infant in this case of more tender years, there would be no question but that we would uphold a finding of negligence on defendant's part. The law does not arbitrarily fix an age at which an infant must exercise the same care as an adult *(see, Manikas v Carswell,* 283 App Div 1003). It is for a jury to assess whether there should be a different result in this case by reason of the decedent's age *(Camardo v New York State Rys., supra; Gonzalez v Medina,* 69 AD2d 14, 18).

With respect to the issue of proximate cause, the words of Justice Simons (now Court of Appeals Judge) in *Sewar v Gagliardi Bros. Serv. (supra,* at 289) are particularly relevant. "The critical issue is not so much the duty that appellants owed Brigette and their failure to fulfill their legal duty; that breach is fairly established on the record. The more serious issue is whether appellants' negligence was a proximate cause of her injuries. The evidence of causation was sufficient if it established facts and conditions from which it may reasonably be inferred that appellants' negligence was a substantial factor in producing plaintiff's injuries *(Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 320), and where different reasonable inferences are possible, the question of proximate cause is for the jury *(Pagan v Goldberger,* 51 AD2d 508; cf. *Ventricelli v Kenney System Rent A Car,* 45 NY2d 950; *Sheehan v City of New York,* 40 NY2d 496). In this case the action of the school

bus and its driver was not a neutral or passive factor in the accident which followed".

Accordingly, the judgment appealed from should be reversed, and a new trial granted.

GREEN and PINE, JJ., concur with LAWTON, J.; DILLON, P. J., and BALIO, J., dissent and vote to affirm for reasons stated by the trial court in dismissing the complaint.

Judgment reversed, on the law, with costs, and new trial granted.