SHONIE LOU PAVONE by Her Next Friend JOHN A. PAVONE v. BETTY JOYNER MERION.

(Filed 21 September, 1955.)

**1. Automobiles § 17—**

A legal duty rests upon a motorist to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway, and he must anticipate that a child of tender years is likely to run into the street in front of an approaching automobile.

**2. Automobiles § 18h (2)—**

In this action to recover for injuries to a three-year-old child struck on the highway by defendant's automobile, the evidence *is held* to require the submission of the issue of negligence to the jury.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by the plaintiff from *Bone, J.,* June Term 1955 of CARTERET. Reversed.

Civil action to recover damages for injuries to a 3 year old child resulting from the alleged negligence of the defendant in operating an automobile.

At the close of the plaintiff's evidence the court, upon motion of the defendant, entered a judgment of nonsuit.

From the judgment entered the plaintiff appeals, assigning error.

*C. R. Wheatly, Jr., for Plaintiff, Appellant.*
*Hamilton & McNeill for Defendant, Appellee.*

PARKER, J.   It is well settled law in North Carolina that a legal duty rests upon a motorist to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway. *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327; *Goss v. Williams,* 196 N.C. 213, 145 S.E. 169.

A motorist must recognize that children, and particularly very young children, have less judgment and capacity to avoid danger than adults, that their excursions into a street may reasonably be anticipated, that very young children are innocent and helpless, and that children are entitled to a care in proportion to their incapacity to foresee and avoid peril. *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Yokeley v. Kearns,* 223 N.C. 196, 25 S.E. 2d 602.

"Experience demonstrates that children of tender years in or about streets and highways are likely in obedience to impulse to run into or across such streets and highways suddenly and without warning. Motorists must know and recognize this fact and govern themselves accordingly else the criminal and civil laws must be called upon to turn professor." *Fox v. Barlow,* 206 N.C. 66, 173 S.E. 43. In other words, due care may require a motorist in a certain situation to anticipate that a child of tender years unmindful of danger will dart into a street in front of an approaching automobile. *Hughes v. Thayer, supra.*

Bearing in mind these applicable principles of law, we are of opinion, after a careful study of the evidence, that the plaintiff has made out a case for submission to a jury. We have refrained from stating the evidence to avoid any prejudice to the rights of the parties, when the case is submitted to the twelve.

The judgment of nonsuit is

Reversed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.