EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, Appellant,

v.

Margaret SMITH, Appellee.

Court of Appeals of Kentucky.

March 13, 1959.

Essau Hoskins. The Employers Liability Assurance Corporation, carrier of liability insurance on the Hoskins truck, paid $7,000 in settlement of a claim asserted on behalf of the little girl (without suit), and obtained a release of their liability. The insurance company then brought this action against Margaret Smith, seeking contribution on the theory that she had been guilty of negligence that contributed to cause the accident, and therefore was liable for contribution as a joint tortfeasor. The trial court directed a verdict for the defendant, and the insurance company has appealed from the judgment entered on that verdict.

The controlling question is whether or not the evidence created a jury question as to negligence on the part of Miss Smith.

Miss Smith, a country schoolteacher, volunteered to give some of her pupils a ride towards their homes at the close of school on September 2, 1955. The pupils were Juanita Mills, age five, her sister Louise, age 8, another girl named Janice Mills, around nine years of age, and Claudie Hinkle, age seven. Miss Smith's route of travel was along a narrow, graveled country road. The Mills children lived on a side road leading off from this road to the left, and the Hinkle boy lived around 150 feet past the entrance to the side road, on the right side of the road on which Miss Smith was traveling. Miss Smith drove about 65 feet past the entrance to the side road and then stopped her car on the right side, as near to the edge as possible, to let the children out. She stopped at this point with the view of making an equal division of the walking distance for the children. The children got out and the Mills children went around to the rear of the car (since they had to walk back about 65 feet and then across the road to enter the side-road leading to their home), while the Hinkle boy started walking towards his home along the right side of the road. After the children had alighted, and while Miss Smith's car remained stopped, she saw the Hoskins truck coming around a curve, at a fast rate of speed, some 900 to 1,500 feet

Lester L. Parrott, Barbourville, for appellant.

H. M. Tye, Lowell Lundy, Barbourville, for appellee.

CULLEN, Commissioner.

Juanita Mills, a five-year-old girl, was injured when struck by a truck operated by

in front of her car. She made no attempt to ascertain the position of the Mills children, or warn them of the approach of the truck. When the truck was within a short distance of her car (still parked on the side of the road), Juanita Mills ran from behind her car into the road, and was struck by the truck.

Negligence is sought to be attributed to Miss Smith on the ground that she had a duty to warn the small children of the danger from the approaching truck, or to have taken precautions to see that they could cross the road safely. It is the opinion of this Court that she had no such duty.

Miss Smith was strictly a volunteer in offering the children a ride home. As such, the Court believes that her only duty, with respect to letting the children out of the car at their destination, was to let them out at a safe place and not to stop her car in such a way as to create a hazard. Here, Miss Smith let the children out on the right side of the road, as far off the road as possible, when there was no approaching traffic. Her car was not in such a position as to create a hazard, nor was there any violation of any traffic rule in the manner and place of stopping. The children had departed from her car and started the walk to their homes before the truck came into view. Miss Smith had no reason to anticipate that any of the children would elect to cross the road immediately behind her car, instead of walking back to a point opposite the side road before crossing. It is true that irresponsible conduct might have been anticipated of the five-year-old girl, but she was in the company of the two older girls, who could be expected to look for oncoming vehicles before crossing the road, and who also could be expected to exercise some supervision over the smaller girl.

The danger from the approaching truck was not a danger created by Miss Smith, and it was no danger at all so long as the children remained on the side of the road. Children even of this age are aware of the dangers of crossing roads, and the Court does not conceive that Miss Smith had a duty to warn the children of a mere potential danger which they were capable of discovering and which she had no reason to anticipate they would not discover.

It is true that in Taylor v. Patterson's Adm'r, 272 Ky. 415, 114 S.W.2d 488, this Court held that where a jitney bus driver let a seven-year-old boy out of the bus on the right side of the street, across from the boy's home, and the boy was struck by a passing car, a jury question was created as to the driver's negligence in not taking precautions to see that the boy got across the street safely. But there the duty was rested upon the driver's obligations as a carrier for hire.

In cases from other jurisdictions, where a person from whose car a child alighted has been held liable for injuries sustained when the child was hit by another car in crossing a street or road, there have been circumstances not present here. For example, in Harrison v. Gamatero, 52 Cal. App.2d 178, 125 P.2d 904, the defendant double-parked her automobile in violation of law and sent a seven-year-old child across the street to mail a letter. In Doss v. Miller, 87 Ga.App. 230, 73 S.E.2d 349, the defendant parked on the wrong side of the street and permitted a seven-year-old child, whose parents were paying the defendant a daily sum for transporting the child to and from school, to cross the street under conditions of rain and poor visibility. And in Ashley v. Ensley, 44 Wash.2d 74, 265 P.2d 829, it was held that where the injured child had gone around in front of the defendant's vehicle and the defendant had waited for child to cross before driving on, there was an implied invitation by the defendant to the child to cross the street. Also, in that case, the defendant was the employer of the child, who had been picking strawberries on the defendant's farm, and the vehicle involved was a truck in which the strawberry pickers were being transported home from work.

It is the opinion of this Court that in the case before us there is no showing of a violation by Miss Smith of any duty imposed by law upon her.

The judgment is affirmed.