DORETHA BOYKIN, Administratrix of the Estate of LINDA LOUISE BURNETTE, Deceased v. BEULAH BURNETTE BISSETTE and JOHNNIE P. HARRIS.

(Filed 9 October 1963.)

1. **Automobiles § 14—**

   The audible warning with horn or other signaling device required by G.S. 20-149(b) to be given by a driver before passing or attempting to pass a preceding vehicle must be given in reasonable time to afford the driver of the preceding vehicle opportunity to avoid injury which would result from a left turn or a crossing over of the center of the highway, and while the failure to observe the requirements of the statute is not negligence *per se*, it is evidence to be considered with other facts and circumstances upon the issue.

2. **Automobiles § 6—**

   The requirement of G.S. 20-140(b) that the driver of a vehicle must drive same with due caution and circumspection and in a manner so as not to endanger or be likely to endanger persons or property, provides an absolute standard of care, and the violation of the statute constitutes negligence *per se.*

3. **Automobiles § 7—**

   Irrespective of statute, the operator of a motor vehicle is under duty to exercise that care which a reasonably prudent person would exercise under similar circumstances to prevent injury to persons or property.

**4. Automobiles § 41d— Evidence of negligence in attempting to pass preceding vehicle under circumstances without sounding horn held for jury.**

Evidence tending to show that defendant driver attempted to pass a preceding truck in open country on two occasions but was prevented from doing so by the weaving of the truck over the center line of the highway, that defendant attempted to pass on a third occasion without previously sounding her horn and, as the vehicles came abreast, the preceding vehicle veered to its left over the center line of the highway, and that defendant, upon apprehending the danger, then sounded her horn, was forced onto the shoulder to her left, lost control and ran off the highway to her left, resulting in the fatal injury to a passenger, *is held* sufficient to overrule nonsuit in an action for the wrongful death of the passenger.

**5. Automobiles § 19—**

Where the evidence tends to show that the driver of a car was negligent in attempting to pass the preceding vehicle under the circumstances without giving prior warning by horn, such driver may not rely upon the doctrine of sudden emergency when the driver of the preceding vehicle veers to his left as the cars come abreast, since the doctrine of sudden emergency may not be invoked by a person whose own negligence brings about or contributes to the emergency in whole or in part.

APPEAL by plaintiff from *Cowper, J.,* January 1963 Civil Session of WILSON.

Civil action to recover damages for the death of plaintiff's intestate Linda Louise Burnette, an infant two months eleven days old, allegedly caused by the actionable negligence of defendant Beulah Burnette Bissette in the operation of an automobile owned by the defendant Johnnie P. Harris.

At the close of plaintiff's evidence, plaintiff took a voluntary nonsuit as to Johnnie P. Harris. From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence as to Beulah Burnette Bissette, plaintiff appeals.

*Robert A. Farris and Allen G. Thomas by Allen G. Thomas for plaintiff appellant.*

*Narron, Holdford & Holdford by Talmadge Narron for defendant appellee.*

PARKER, J. Plaintiff's evidence considered in the light most favorable to her (*Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492) tends to show the following:

About 5:30 p.m. on 28 June 1960 defendant Beulah Burnette Bissette was driving a Ford automobile, owned by defendant Johnnie P. Harris, in a westerly direction on Highway 264 about one and one-half

miles west of Middlesex. Mrs. Cleo Harris, wife of Johnnie P. Harris, was sitting in the middle on the front seat. Sitting on her right on the front seat was Mrs. Marie Burnette, who was holding in her lap her daughter Linda Louise Burnette, a healthy baby two months eleven days old. Three boys were sitting on the back seat. About one and one-half miles west of Middlesex the pavement on the highway is about 24 feet wide, with dirt shoulders on each side about 10 feet wide. At this point the highway is straight and hilly. The weather was clear and the pavement was dry.

After passing through Middlesex, Beulah Burnette Bissette, driving at a speed of about 35 to 40 miles an hour, tried two or three times to pass a red pickup truck traveling ahead. Mrs. Marie Burnette testified:

"After leaving Middlesex, I recall seeing a red pickup truck ahead of us. We followed him a mile or a mile and a half. She started to pass him three times, I think, and on the third time we started to pass him—every time we would start to pass him, he'd doodle out in front of us. And the third time we tried to pass him, he started over on our side, and Beulah, she went over to the left. She drove it over to the left-hand side, on the side of the dirt. The car started down the embankment on the side of the road, it went across the embankment. After it left the road, we started down that hill and hit a tree.* * * When Mrs. Bissette blew her horn for the very first time, they were side by side. The truck and car were side by side. She had not blown the horn at all before then. She had not ever blown the horn when she had attempted to pass on the two prior occasions."

Mrs. Cleo Harris testified:

"We followed that truck a mile or a little over. She attempted to pass that truck two or three times. Then she started to pass this truck and as we got at him to pass him, the red truck was coming towards us across the center line into the left lane at that point. Beulah Burnette Bissette blowed her horn as we got beside the truck because I saw the wheels of the truck. After the truck came over to the left and she blew her horn; I don't remember nothing else; I was injured in the accident. After I saw the red truck coming over to the left I did not feel the car in which I was riding slow down or brake down any. I didn't feel nothing only when we hit the tree. When she tried to pass the truck two or three times before that, the red truck was making little doodles

in the road, cross the center line. By making a motion with my hand, I am indicating that the truck was weaving across the road."

When Beulah Burnette Bissette, immediately before her automobile left the road and hit the tree, drove to the left to pass the red pickup truck ahead, she was traveling down a steep hill, and there was no approaching traffic. Just as she approached the pickup truck to pass, it came across the white line into her lane of traffic. She cut her automobile to the left, and it left the highway, went down an embankment, and crashed into a tree. Tracks leading from the automobile at the tree to the pavement on the highway measured about 215 feet.

When the automobile hit the tree, its front was severely damaged. As a result of the automobile crashing into the tree, the baby Linda Louise Burnette sustained a fractured skull, which caused her death about two hours later. Mrs. Cleo Harris and Mrs. Marie Burnette sustained severe injuries in the wreck, requiring several months' hospitalization for each.

The driver of the red pickup truck did not stop. He has never been discovered or identified.

There is nothing in the record to indicate that Beulah Burnette Bissette was driving in a business or residential district as defined in G.S. 20-38 (a) and (w)1, at any place she attempted to overtake and pass the pickup truck ahead; in fact the record indicates it was open country. G.S. 20-149 (b) states: "The driver of an overtaking motor vehicle not within a business or residence district, as herein defined, shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction, but his failure to do so shall not constitute negligence or contributory negligence per se in any civil action; although the same may be considered with the other facts in the case in determining whether the driver of the overtaking vehicle was guilty of negligence or contributory negligence." This warning signal must be given to the driver of the vehicle in front in reasonable time to avoid injury which would probably result from a left turn or a crossing over the center of the highway to the left by the vehicle in front. *Sheldon v. Childers,* 240 N.C. 449, 82 S.E. 2d 396. The object of this statutory provision is not only the protection of the overtaken vehicle and its occupants, but also the protection of the passing vehicle and its occupants. See *McGinnis v. Robinson,* 252 N.C. 574, 578, 114 S.E. 2d 365, 368, as to the principal purpose of G.S. 20-149 (a).

G.S. 20-140 (b) provides: "Any person who drives any vehicle upon a highway without due caution and circumspection and at a

speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." This section of the statute prescribes a standard of care, "and the standard fixed by the Legislature is absolute." *Aldridge v.. Hasty,* 240 N.C. 353, 360, 82 S.E. 2d 331, 338. Consequently, a violation of this section of the statute constitutes negligence *per se. Carswell v. Lackey,* 253 N.C. 387, 117 S.E. 2d 51.

Regardless of statutes regulating the operation of automobiles, it was the duty of Mrs. Bissette in the operation of the automobile to exercise the care which a person of ordinary prudence would exercise under similar conditions to prevent injury to the occupants of the automobile she was driving, and to other vehicles or persons on the highway. *Funeral Service v. Coach Lines,* 248 N.C. 146, 102 S.E. 2d 816; *Kellogg v. Thomas,* 244 N.C. 722, 94 S.E. 2d 903; *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383.

Plaintiff's evidence would permit a jury to find that Mrs. Bissette tried two or three times to overtake and pass the pickup truck traveling ahead of her, but could not do so because the truck ahead "was making little doodles in the road, cross the center line" in front of her; that with such knowledge of the dangerous operation of the truck ahead she again attempted to overtake and pass the truck ahead without giving any warning signal of her intention to do so, until her automobile and the truck were side by side and the truck was coming across the center line into her lane of passing; that then Mrs. Bissette to avoid a collision turned her automobile to the left onto the dirt shoulder, lost control of it, and it ran down an embankment and crashed into a tree some 215 feet from the pavement on the highway; that such operation of the automobile by Mrs. Bissette constituted a violation of G.S. 20-149 (b) and G.S. 20-140 (b), and also a failure to exercise the care which a person of ordinary prudence would exercise under similar conditions and charged with a like duty to prevent injury to the occupants of the automobile she was driving, and was negligence on her part; that Mrs. Bissette in the exercise of the reasonable care of an ordinarily prudent person should have foreseen that some injury would result from her negligent operation of the automobile, or that consequences of a generally injurious nature should have been expected; and that such negligent operation of the automobile by her actively and continuously operated to bring about injuries to the baby Linda Louise Burnette, and was one of the proximate causes of her death directly resulting from her injuries.

Defendant's contention that the judgment of compulsory nonsuit should be sustained, because Mrs. Bissette was confronted with a

sudden emergency, and that under such circumstances she acted as a person of ordinary prudence, similarly situated, would have acted, is not tenable. Plaintiff's evidence shows that if Mrs. Bissette was confronted with a sudden emergency, her own negligence brought it about or contributed to it in whole or in part, and she cannot invoke the sudden emergency doctrine in exculpation of her negligence as shown by plaintiff's evidence to sustain the nonsuit. *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785.

The judgment of compulsory nonsuit as to Beulah Burnette Bissette is

Reversed.