KURT ALAN NELSON, A MINOR, BY HIS GUARDIAN AD LITEM, LYLE BOURDON, v. VIVIAN ELIZABETH WILLIAMS AND ANOTHER.
GEORGE NELSON, APPELLANT.

218 N. W. 2d 471.

May 17, 1974—No. 44239.

*Michael H. Donohue*, for appellant.

*Gordon Rosenmeier* and *John E. Simonett*, for plaintiff respondent.

*Quinlivan, Williams, Johnson & Quinlivan* and *Gerald G. Williams*, for defendant respondent.

Heard by Sheran, C. J., and Otis, Scott, and Knutson, JJ., and considered and decided by the court en banc.

KNUTSON, JUSTICE.*

This is an appeal from an order of the district court denying the motion of defendant George Nelson that the jury's answers to certain interrogatories be changed and that judgment notwithstanding the verdict be ordered in favor of said defendant or, in the alternative, that he be granted a new trial.

The action arises out of a car-pedestrian accident. The facts are substantially undisputed. On July 24, 1970, during the late afternoon, defendant Nelson and his family were traveling south on U. S. Highway No. 10 south of Little Falls, Minnesota. Nelson was driving a 1970 Pontiac, towing a 16-foot boat and boat trailer. His wife was seated in the front seat and his two sons were seated in the rear seat.

Highway No. 10 is a four-lane roadway separated by a grassy median area. The southbound portion of the roadway consists of two lanes, each 12 feet wide. There is a 4-foot shoulder on the

---

*Retired Chief Justice acting pursuant to Minn. St. 2.724.

left-hand side of the roadway and an 8-foot shoulder on the right-hand side. The maximum speed limit was 70 miles per hour.

According to George Nelson's testimony, traffic was quite light on the southbound portion of the highway, but rather heavy on the northbound portion.

About 3 miles south of Little Falls, defendant Nelson observed a flag come loose and fall from his boat. He immediately pulled his car and trailer onto the right shoulder and parked completely off the paved portion of the highway. He believed that the flag landed somewhere in the median area separating the southbound and northbound portions of the highway, at a point close to a crossover between the two portions of the highway. He proceeded to unfasten his seatbelt and shoulderbelt, intending to retrieve the flag himself. Both sons requested permission to retrieve the flag, and Nelson finally allowed his son Kurt, who was then 8 years old and who was on the right-hand side of the rear seat, to leave the car to retrieve the flag. Nelson first instructed Kurt to walk north along the right shoulder to the crossover before crossing the southbound portion of the road and to look out for cars when crossing. He informed Kurt that the flag was in the median on the north side of the crossover.

Kurt did go north to the crossover, looked for traffic, and crossed the southbound portion of the highway. He was unable to find the flag in the median area, so he turned to come back on the path he had taken originally. He came up to the road, stopped and looked, and had proceeded halfway across one southbound lane when he was struck by a car driven by defendant Vivian Williams which was then traveling 55 miles per hour. The Williams car was the first southbound vehicle to come on the scene after Nelson had parked and Kurt had left the car.

Defendant Williams testified that she had pulled into the left lane some distance back from the parked Nelson car to pass a slower-moving vehicle. After passing that vehicle at a speed of 55 miles per hour, she observed a moving figure in the median area. As she approached the figure, she was able to discern that

it was a small boy who was moving toward the traveled portion of the southbound lanes. During this time she made no effort to slow down, to sound her horn, or to do anything else to avoid the possibility of striking the boy. She testified that she thought of signaling with her blinkers and pulling into the right lane, which was free of traffic, but that she was fearful that the boy would think she was turning and would start to run across the road. She therefore kept traveling at 55 miles per hour and struck the boy with the right fender of her car as he attempted to cross the highway.

Defendant Nelson testified that while he was parked 200 feet south of the crossover he watched Kurt's progress by rolling down his window and glancing in the outside rearview mirror on the driver's side. Nelson said that he stayed within the car until the time of the accident and that his son was at all times visible through the outside mirror. He testified that he saw his son start to cross the southbound roadway; that he saw the Williams car approaching with a great deal of speed; and that he did not recall shouting any warning to his son.

Betty Lee Nelson, Kurt's mother, testified that although Kurt had often crossed streets in residential areas by himself, he had never had occasion to cross a high-speed highway.

The action was originally commenced by George Nelson against defendant Williams, claiming damages individually and in behalf of his son. Defendant Williams counterclaimed against Nelson, claiming indemnity or contribution for any damages that might be recovered by plaintiff Kurt Nelson. Thereafter, plaintiff moved the court to appoint a guardian ad litem for Kurt and to allow amendment of the complaint to permit Kurt to proceed against both his father and defendant Williams. Both motions were granted, an amended complaint was served, and answers and cross-claims were interposed.

In this posture the case went to trial against both George Nelson and Vivian Williams. The jury returned a verdict that Williams was 60-percent negligent and Nelson was 40-percent negli-

gent in the use of their respective automobiles, and that their negligence was the direct cause of Kurt's injuries. The jury further determined that Kurt Nelson sustained damages in the sum of $85,000, and that George Nelson sustained damages in the sum of $17,027.25.

George Nelson thereafter moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, which motions were denied. The trial court ordered judgment to be entered in favor of Kurt Nelson against Williams and George Nelson, jointly and severally, for $85,000. Only George Nelson has appealed from the trial court's denial of his motions.

The trial court instructed the jury that it could find George Nelson negligent *only* with respect to his use and operation or stopping of his vehicle, describing his duty as involving exercise of reasonable care not to expose a minor passenger to unreasonable risk of harm or injury. The court instructed the jury that it would not allow them to find negligence for any action on the part of George Nelson which constituted the exercise of parental discretion with respect to the care of his child. This instruction has not been attacked, so whether it was correct is not in question. The only issue on appeal is whether the evidence adequately supports the jury's special finding that George Nelson was negligent in the use and operation of his automobile.

The theory upon which respondents Kurt Nelson and Vivian Williams seek to recover from George Nelson involves a determination of whether George Nelson was negligent in stopping and parking his automobile so as to expose his 8-year-old son to an unreasonable risk of harm upon his alighting from or returning to the automobile.

Our attention has been called to a number of decisions from foreign jurisdictions. Although most of them involve injuries to an automobile passenger either alighting from or returning to an automobile, none of these cases is based upon facts the same as those here. In this case it is clear from the evidence that Kurt Nelson had safely left his father's car and crossed the highway

without any difficulty and that he was injured while attempting to return to the automobile. While some cases from other jurisdictions would appear to support the view of George Nelson, we see no point in attempting to reconcile or to compare the facts of those cases with the facts of the case now before us. As so often occurs in the field of negligence, cases from this or other jurisdictions can be found to support almost any view. The decisive question is whether the evidence justifies the jury's inference that defendant George Nelson in the use of his automobile failed to exercise that degree of care for the protection of his minor son that should be expected of a reasonably prudent person. In other words, could he have stopped and parked his car in such a way as to better protect his son as he left and was returning to the vehicle? Respondents argue that Nelson could have driven a short distance farther south, crossed to the northbound lane at the next crossover, driven a short distance north to the crossover where Kurt crossed the southbound portion of the highway, and parked in the median near where he thought his flag had landed. Had he done so, the car would have been in a safe position for his son both to leave the automobile and to return to it. There are other possibilities suggested by respondents. While the evidence is close, the jury has found negligence on the part of both defendants. Negligence found against defendant George Nelson has been approved by a trial court of many years' experience. At least a majority of this court are of the opinion that the evidence permits an inference on the part of the jury that George Nelson was guilty of negligence which proximately contributed to Kurt's injuries. Having in mind the general rule that it is only where reasonable minds can come to only one conclusion that a verdict of a jury may be set aside, we are of the opinion that the verdict in this case must stand. See, Malmquist v. Leeds, 245 Minn. 130, 71 N. W. 2d 863 (1955) ; Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. 2d 134 (1964); Reese v. Henke, 277 Minn. 151, 152 N. W. 2d 63 (1967); Seivert v. Bass, 288 Minn. 457, 181 N. W. 2d 888 (1970).

It follows that in the light of all the evidence and the general rule applicable to setting aside the verdict of a jury on fact issues, the order of the trial court must be and is affirmed.

Affirmed.