ROBERT SNOW, GUARDIAN AD LITEM FOR STEFFANIE ANNETTE SNOW, PLAINTIFF v. VIRGINIA MAY NIXON, DEFENDANT AND THIRD PARTY PLAINTIFF v. JANET SNOW, THIRD PARTY DEFENDANT

No. 8017SC444

(Filed 19 May 1981)

Autombiles § 92; Parent and Child § 2.1— child alighting from mother's car—no parent-child immunity

　　Allegations of defendant third party plaintiff's complaint were sufficient to show that the injury sustained by the minor plaintiff arose out of her mother's operation of a motor vehicle so that the doctrine of parent-child immunity would not bar the defendant third party plaintiff's claim against the child's mother for contribution where defendant third party plaintiff alleged that the mother stopped her vehicle partially off the edge of a busy and dangerous street to enable the minor plaintiff, who was wearing dark clothing, to exit the vehicle; the minor plaintiff ran around the rear of her mother's vehicle prior to darting into the path of defendant's vehicle which was traveling in the opposite direction from the mother's vehicle; and the mother remained at the wheel and in control of her vehicle while waiting for the child to return. G.S. 1-539.21.

APPEAL by defendant and third-party plaintiff from *Riddle, Judge.* Judgment entered 7 February 1980 in Superior Court, SURRY County. Heard in the Court of Appeals 5 November 1980.

The plaintiff, through her mother and guardian ad litem, Janet Snow (hereinafter "Snow"), filed a complaint 2 May 1979 seeking recovery for personal injuries which she allegedly incurred at the age of four when she was negligently struck by the defendant's vehicle.

The defendant answered by generally denying negligence and by alleging unavoidable accident. The defendant's answer also contained a third-party complaint against Snow for contribution in which the defendant alleged that plaintiff's injuries resulted from Snow's negligent protection, control and supervision of plaintiff while Snow was operating a motor vehicle. The defendant and third-party plaintiff further alleged that shortly after 6:00 p.m. on

Halloween night, 31 October 1977, when "the darkness of nightfall existed," Snow had stopped her vehicle, which was headed in a westerly direction on James Street in Dobson, North Carolina, partially in the westbound lane of James Street and partially off the edge of the road; that James Street at that time was a "busy and dangerous street"; that plaintiff, who was wearing dark clothing, had exited the Snow vehicle to "trick or treat" and had run around the rear of that vehicle prior to darting into the path of defendant's vehicle which was in the eastbound lane of James Street traveling east. Defendant also alleged that Snow had remained at the wheel and in control of her vehicle while waiting for the child to return so that Snow could drive her to other "trick or treat" locations.

After the third-party complaint was filed, the minor plaintiff's father was ordered substituted as guardian ad litem.

Snow answered the third-party complaint denying negligence and pleading, alternatively, that if she had been negligent, her negligence was insulated by defendant's later occurring negligence. Snow also moved to dismiss the third-party complaint pursuant to Rule 12(b)(6), N.C. Rules Civ. Proc., for failure to state a claim for relief, pleading, in support of her motion, the doctrine of parent-child immunity to the extent it was not abolished by N.C. Gen. Stat. § 1-539.21.

Defendant and third-party plaintiff appeals from the partial judgment of the trial court granting Snow's motion to dismiss the third-party complaint.

*Faw, Folger, Sharpe & White by Thomas M. Faw, T. Richard Pardue, Jr. and Fredrick G. Johnson, for the third-party plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and James M. Stanley, Jr., for the third-party defendant-appellee.*

MARTIN (Robert M.), Judge.

The sole issue presented by this appeal is whether the allegations in the third-party complaint are sufficient to show that the injury sustained by Steffanie Annette Snow arose out of her mother's operation of a motor vehicle so as to fall within the scope of N.C. Gen. Stat. § 1-539.21. Taking the allegations in the

third-party complaint as true, if the child's injury arose out of the operation of the motor vehicle, the doctrine of parent-child immunity would not bar the defendant and third-party plaintiff's claim against the child's mother for contribution. If G.S. 1-539.21 is inapplicable, however, the rule that an unemancipated minor child is barred by the doctrine of parent-child immunity from suing her parents for negligent protection, control and supervision would also bar the claim asserted indirectly against the parent in the third-party action for contribution. *Watson v. Nichols*, 270 N.C. 733, 155 S.E. 2d 154 (1967).

G.S. 1-539.21 reads as follows:

Abolition of parent-child immunity in motor vehicle cases. — The relationship of parent and child shall not bar the right of action by a minor child against a parent for personal injury or property damage arising out of the operation of a motor vehicle owned or operated by such parent.

This Court upheld the constitutionality of G.S. 1-539.21 in *Ledwell v. Berry*, 39 N.C. App. 224, 249 S.E. 2d 862 (1978), *disc. rev. denied*, 296 N.C. 585, 254 S.E. 2d 35 (1979). No North Carolina cases, however, define the scope of the exception to the parent-child immunity doctrine found in G.S. 1-539.21. Therefore in construing the statute in the case *sub judice*, we must rely upon well-established North Carolina case law regarding statutory construction. In *Jones v. Georgia-Pacific Corp.*, 15 N.C. App. 515, 190 S.E. 2d 422 (1972), Judge Britt, now Justice Britt, writing for this Court stated:

It is settled law that statutes in derogation of the common law . . . must be strictly construed. (Citations omitted.) Strict construction of [a statute] requires that everything be excluded from the operation of the statute which does not come within the scope of the language used, taking the words in their natural and ordinary meaning. (Citation omitted.)

*Id.* at 518, 190 S.E. 2d at 424.

In order to determine the sufficiency of the third-party complaint, we must consider the language used by the General Assembly in G.S. 1-539.21 in light of the foregoing rules of construction. The key phrase in G.S. 1-539.21 which must be con-

strued on this appeal is "arising out of the operation of a motor vehicle."

The term "arising out of" has acquired a generally accepted meaning in cases pertaining to coverage under standard automobile liability insurance policies. This Court has held that the phrase "arising out of" in a standard liability insurance policy connotes a concept of causation. *Insurance Co. v. Knight,* 34 N.C. App. 96, 237 S.E. 2d 341, *disc. rev. denied,* 293 N.C. 589, 239 S.E. 2d 263 (1977); *Insurance Co. v. Walker,* 33 N.C. App. 15, 234 S.E. 2d 206 *disc. rev. denied,* 293 N.C. 159, 236 S.E. 2d 704 (1977).

Defendant cites *Insurance Co. v. Walker, id.,* in support of her argument that plaintiff's injury in the case *sub judice* arose out of the operation of a motor vehicle. In *Walker,* however, this Court construed a provision in a standard automobile liability insurance policy which provided that the policy's coverage included bodily injury "arising out of the ownership, maintenance or use of the owned automobile. . . ." *Id.* at 16, 234 S.E. 2d at 208. We held in *Walker* that an injury to a person standing outside the insured's truck caused by the discharge of a rifle on a permanently mounted gun rack inside the truck cab arose out of the use of the truck within the meaning of the policy. Our reasoning was that the transportation of guns was one of the regular uses to which the truck had been put and therefore the shooting had a causal connection with the use of the truck. G.S. 1-539.21 does not contain the language "arising out of the use of," but rather, it contains the language "arising out of the operation of." Thus, while *Walker* aids us in construing the term "arising out of" it is of no help in construing the remainder of the phrase used in G.S. 1-539.21, "the operation of a motor vehicle."

The recent case of *Colson v. Shaw,* 301 N.C. 677, 273 S.E. 2d 243 (1981), however, does aid us in construing the term "the operation of a motor vehicle." In *Colson v. Shaw, id.,* the Supreme Court held that the operator of a motor vehicle has a duty to allow his passengers to unload in a safe place. The following language from that opinion, written by Justice Copeland, is relevant to the case at bar:

> It is well settled in North Carolina that the operator of an automobile has a duty to exercise that degree of care which a person of ordinary prudence would exercise under

similar circumstances to prevent injury to the invited occupants of his vehicle. [Citations omitted.] Our research has revealed no North Carolina cases which involve the particular duty that an operator owes to passengers alighting from his vehicle. It is generally established that the operator must at least allow his passengers to unload in a safe place and may not stop his car in a manner likly to create a hazard to those alighting. [Citations omitted.] . . .

Our determination in the case is also influenced by the rule that where the actions of children are at issue, the duty to exercise due care should be proportioned to the child's incapacity to adequately protect himself. [Citation omitted.] As stated by Justice Parker (later Chief Justice), speaking for our Court in *Pavone v. Merion*, 242 N.C. 594, 594, 89 S.E. 2d 108, 108 (1955):

> "A motorist must recognize that children, and particularly very young children, have less judgment and capacity to avoid danger than adults, that their excursions into a street may reasonably be anticipated, that very young children are innocent and helpless, and that children are entitled to a care in proportion to their incapacity to foresee and avoid peril."

*Id.* at --- , 273 S.E. 2d at 246.

In our opinion, based on the Supreme Court's decision in *Colson v. Shaw, supra*, the third-party complaint in the case *sub judice* states a cause of action for contribution due to the alleged negligence of Snow "arising out of the operation of a motor vehicle." We hold, therefore, that the trial court erred in dismissing the third-party complaint. The judgment appealed from is reversed.

Reversed.

Judges VAUGHN and WELLS concur.