JAMIE MICHELENE SHARPE, A MINOR, BY HER FATHER AND GUARDIAN, JAMES F. SHARPE, AND JAMES F. SHARPE, INDIVIDUALLY v. QUALITY EDUCATION, INC., T/A ONSLOW ACADEMY, AND BONNIE HOOD

No. 814SC1239

(Filed 2 November 1982)

1. **Negligence § 18— contributory negligence of minor**

    The trial court erred in entering summary judgment for defendants on the ground of contributory negligence by the nine-year-old plaintiff where defendants presented no materials to rebut the presumption that a nine-year-old child is incapable of contributory negligence.

2. **Automobiles and Other Vehicles §§ 41.3, 92.3— assistance for private school bus—injury to child while crossing road—negligence of owner and driver of bus**

    In an action to recover for injuries to a nine-year-old student who was struck by a car while crossing the highway to return to defendants' disabled bus after accompanying another student whom defendant driver had asked to telephone the corporate defendant for assistance, plaintiff's forecast of evidence was sufficient to present a material issue of fact as to the negligence of defendants in continuing to use a faulty bus that had a known history of stalling without repairing it, letting small children off the bus at an unsafe place other than the school or their homes, and improperly supervising the minor plaintiff's crossing of the highway.

3. **Automobiles and Other Vehicles § 87.5— summary judgment erroneous on ground of intervening negligence**

    In an action to recover for injuries to a nine-year-old student who was struck by a car while crossing the highway to return to defendants' disabled bus after accompanying another student whom defendant driver had asked to telephone the corporate defendant for assistance, the trial court erred in entering summary judgment for defendants on the ground of intervening negligence based on plaintiff's stipulation that the owner of the car which struck the minor plaintiff had paid her $20,000.00 for her injuries where (1) there was no evidence of any negligence on the part of the driver of the car which struck the minor plaintiff, and (2) the evidence would permit a finding that the intervening act and resulting injury could reasonably have been foreseen by defendant bus driver.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered 30 July 1981 in Superior Court, ONSLOW County. Heard in the Court of Appeals 13 September 1982.

This is a personal injury action, and the sole issue on appeal concerns the trial court's decision to grant summary judgment for defendants—Quality Education, Inc., trading as Onslow Academy, and Bonnie Hood, the corporate defendant's school bus driver.

On 21 October 1975, defendant Hood allowed the nine-year-old minor plaintiff, Jamie Sharpe, to depart the corporate defendant's disabled school bus and cross a four-lane highway. Jamie was accompanying another student whom Bonnie Hood had asked to cross the highway and telephone the corporate defendant for assistance. As she crossed the highway to return to the school bus, Jamie was struck by a car driven by a third party.

The Complaint alleges that Quality Education, Inc. violated its duty to use extreme care in the transportation of minors to and from Onslow Academy in that (1) Quality Education knew of the mechanical difficulties with the bus prior to the accident but continued to use the bus without making necessary repairs; (2) Quality Education knew or should have known that the school children riding its buses had previously been let off buses at places other than their destination; and (3) Quality Education and Bonnie Hood knew or should have known that to allow Jamie to cross the highway would create an unreasonably dangerous situation likely to lead to foreseeable injuries. In its Answer, defendants deny the material allegations of the Complaint and assert as defenses that Jamie was contributorily negligent and that any negligence of defendant Hood was insulated by the negligence of the third party whose vehicle struck Jamie.

After considering the pleadings, the stipulations of the parties, and the deposition of defendant Hood, the court entered summary judgment for both defendants.

*Gene B. Gurganus for plaintiff appellant.*

*Warlick, Milsted, Dotson & McGlaughon, by Carl S. Milsted, for defendant appellees.*

BECTON, Judge.

I

The summary of defendant Hood's deposition reveals the following: On 21 October 1975, Jamie was a student at Onslow Academy and a passenger on Quality Education's bus being driven by defendant Hood. Defendant Hood had experienced mechanical trouble with the bus prior to starting it that morning. She had called the headmaster of Onslow Academy and had indicated that she was afraid to drive the bus. The headmaster told

her to have the bus "jumped," reassuring her that once it was "jumped" it would work fine. (Plaintiff alleged in the Complaint that Quality Education knew that the bus had experienced mechanical difficulty prior to 21 October 1975 and that rather than effecting the repairs necessary for the bus's safe and efficient operation, Quality Education's solution was to furnish the bus with a set of jumper cables.)

On 21 October 1975, the bus stalled three times. After "jumping" the bus the second time, defendant Hood decided to go to school without picking up any more children. The bus, however, stalled again. Hood then sent David Hull, the oldest boy on the bus (he was either ten or eleven), across Highway #24 to telephone for help. Jamie asked a few times if she could go with David, and Hood told her she could not. Jamie got off the bus and started to go anyway, so defendant Hood "told David to stay with her, and to hold her hand and to make sure she got across okay." The children crossed the highway with no difficulty. As they were returning, they crossed the first two lanes and then stopped in the median. Defendant Hood specifically stated: "They stopped in the median together and I was watching traffic, and I believe I sort of waved them on—to come across, so that is when David came on and Jamie stood there. I don't know why but she didn't come on then." Hood further stated: "I am not sure whether David was across the road or not when Jamie started to leave the median" and that "as soon as she jumped off the median it seemed like the car was just there and hit her."

## II

The stated grounds for defendants' motion for summary judgment were (a) Jamie's contributory negligence and (b) lack of proximate cause based on the intervening negligence of the driver of the vehicle which struck Jamie.

[1] A. Plaintiff first argues that a nine-year-old child is presumed incapable of contributory negligence and that, to the extent the trial court based its summary judgment on contributory negligence, the trial court erred. We agree.

Summary judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine

Sharpe v. Quality Education, Inc.

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56. The burden is on the moving party to establish the lack of triable issues of fact. In considering a motion for summary judgment, the court must look at the record in the light most favorable to the party opposing the motion. *Henson v. Jefferson*, 20 N.C. App. 204, 200 S.E. 2d 812 (1973).

Jamie clearly was not contributorily negligent as a matter of law. Defendants concede as much in their brief, but cite cases in which minor plaintiffs have been struck by oncoming automobiles and in which our appellate court affirmed the grants of nonsuit. Those cases are inapposite. They involve nonsuits, not summary judgments, and they were decided on the issue of negligence, not contributory negligence.

The presumption that a nine-year-old child is incapable of contributory negligence is rebuttable. *See Ennis v. Dupree*, 258 N.C. 141, 145, 128 S.E. 2d 231, 235 (1962). Here defendants presented nothing in support of their motion for summary judgment to rebut this presumption, and therefore there was an issue of fact to be resolved.

[2] B. With regard to defendants' argument that the negligence of defendants, if any, was not a proximate cause of plaintiff's injury, plaintiff contends that defendants breached their duty properly to transport and supervise minor plaintiff while she was under defendants' care by continuing to use a faulty bus that had a known history of stalling without repairing it, by letting small children off the bus at an unsafe place other than the school or their homes and at dangerous places, and by improperly supervising minor plaintiff's crossing the highway. Plaintiff finds support for its argument in *Colson v. Shaw*, 301 N.C. 677, 273 S.E. 2d 243 (1981). In *Colson*, the defendant allowed a five-year-old minor plaintiff to exit his car unattended, on a busy residential street after dark, knowing that it was necessary for the child to cross the street to reach his destination. The child was struck by another car as he attempted to cross the street. Reversing the trial court's judgment granting the defendant's motion to dismiss, our Supreme Court said:

> [T]he operator of an automobile has a duty to exercise that degree of care which a person of ordinary prudence would ex-

ercise under similar circumstances to prevent injury to the invited occupants of his vehicle. [Citations omitted.] . . . It is generally established that the operator must at least allow his passengers to unload in a safe place and may not stop his car in a manner likely to create a hazard to those alighting. [Citations omitted.]

. . . .

Our determination in this case is also influenced by the rule that where the actions of children are at issue, the duty to exercise due care should be proportioned to the child's incapacity to adequately protect himself. [Citations omitted.]

. . .

After viewing plaintiffs' evidence in this case in the light most favorable to them, we hold that plaintiff [sic] presented enough evidence to enable a jury to find that defendant breached his duty to unload his passengers in a safe place.

*Id.* at 680-81, 243 S.E. 2d at 246. On the basis of *Colson* and the cited authority therein, we hold that the record in this case, when taken in the light most favorable to the plaintiff, clearly presents triable issues regarding whether (1) defendants breached a duty owed the plaintiff under the circumstances which existed and (2) whether defendants' negligence was a proximate cause of plaintiff's injuries.

[3] The trial court's order granting the motion of defendants for summary judgment was also based on plaintiff's stipulation that Jamie was struck by a 1973 Plymouth automobile owned by the U. S. Government and operated by William T. MacInnis; that Jamie walked or ran from the median of the highway into the lane of travel of the Government vehicle; and that the Government had paid Jamie $20,000.00 for injuries sustained by her. For the following reasons, the trial court erred.

First, there is no evidence of any negligence on the part of MacInnis, the driver of the car that struck Jamie. The only evidence concerning the operation of MacInnis' vehicle was given by defendant Bonnie Hood, who testified: The car that struck Jamie "was going rather slowly, not very fast. I am not really sure, but I don't think it was going fast at all . . . she was

knocked down but the car did not pass over her. The car stopped almost immediately." Second, the record does not show that the intervening act of the driver of the Plymouth insulated defendants as a matter of law. If the intervening act and resulting injury could have been reasonably foreseen, it cannot insulate prior negligence. *Brown v. R.R. Co. and Phillips v. R.R. Co.*, 276 N.C. 398, 404, 172 S.E. 2d 502, 506 (1970).

The record suggests that defendant Hood may have foreseen the danger. Not only was she fearful of driving the bus until it was fixed, but she also refused on at least three occasions to allow Jamie to accompany David Hull across the road. Even if defendant Hood had not foreseen the danger, however, the question is whether a reasonable person would have foreseen the danger. That question, and indeed, the questions of intervening negligence, is ordinarily for the determination of the jury. *Moore v. Beard-Laney, Inc.*, 263 N.C. 601, 608, 139 S.E. 2d 879, 884 (1965).

For the foregoing reason, the judgment below is

Reversed.

Chief Judge MORRIS and Judge JOHNSON concur.